UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ERNESTO CALDERON,

                                Plaintiff,

      -against-

AMKC C-95,

                                Defendant.
-----------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

14-cv-6872 (JG)

JOHN GLEESON, United States District Judge:

        Plaintiff Ernesto Calderon ("Calderon"), currently incarcerated at Groveland Correctional Facility, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] Calderon's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, the complaint is dismissed for failure to state a claim upon which relief may be granted, but Calderon is granted thirty days to submit an amended complaint, if he wishes to do so.

STANDARD OF REVIEW

        A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. *Id.*; *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Liner v. Goord*, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under

---

[1]     By order dated October 10, 2014, the United States District Court for the Western District of New York transferred the action to this Court. ECF No. 1.

1

Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

At the pleadings stage of the proceeding, I must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Thus, I am required to read Calderon's complaint liberally and interpret it as raising the strongest arguments it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks and citations omitted).

DISCUSSION

Calderon alleges that his federal constitutional rights were violated when he sustained an injury after slipping and falling during his incarceration at Anna M. Kross Center ("AMKC"), located on Rikers Island. Although unclear, it appears that on May 7, 2013, while he was receiving physical therapy, he slipped, fell, and broke his leg. Compl. 5. Calderon asserts claims for negligence and violations of the Eighth Amendment. Compl. 5-6. He seeks $500,000 in monetary damages. Compl. 7.

To state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v.*

2

*Callan,* 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive rights but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach,* 165 F.3d 137, 142 (2d Cir. 1999).

Moreover, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 677-78 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 678 (internal quotations and alterations omitted). Calderon must provide facts sufficient to allow each defendant to have a fair understanding of what he is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 107 (2d Cir. 2005) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

A.   *AMKC Is Not A Proper Party*

Calderon names as the sole defendant, the AMKC, a New York City Department of Corrections facility on Riker's Island. As a part of the New York City Department of Corrections, an agency of the City of New York, the AMKC cannot be sued independently. *Lauro v. Charles,* 219 F.3d 202, 205 n.2 (2d Cir. 2000); *see, e.g.*, *Farray v. Riker's Island Corr. Facility*, No. 12-CV-4717 (ARR), 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012); *Thomas v. Bailey*, No. 10-CV-0051 (RRM)(SMG), 2010 WL 662416, at *1-2 (E.D.N.Y. Feb. 22, 2010); N.Y.C. Charter, Ch. 17, § 396. Accordingly, Calderon's claim against the AMKC is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

B.  *Calderon Fails To State An Eighth Amendment Violation*

The Eighth Amendment protects prisoners from "cruel and unusual punishment" in the form of "unnecessary and wanton infliction of pain" at the hands of prison officials.[2] *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("deliberate indifference to serious medical needs constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment."). This protection includes an inmate's right to be free from conditions of confinement that impose an excessive risk to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). This protection also includes the provision of medical care. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).

To state a plausible Eighth Amendment claim against a prison official Calederon must show (1) that the conditions of his incarceration posed an "objectively" "substantial risk of serious harm" and (2) that the prison official knew of and disregarded, that is, the official exhibited "deliberate indifference" toward, such "excessive risk to inmate health and safety." Farmer, 511 U.S. at 834–37. "To meet the objective element, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker*, 717 F.3d at 125; *Seymore v. Dep't of Corr. Servs.*, No. 11 Civ. 2254 (JGK), 2014 WL 641428, at *3 (S.D.N.Y. Feb. 18, 2014). Under the second prong of Farmer, deliberate indifference by a prison official requires "more than mere negligence," 511 U.S. at 835, and prison officials cannot be held liable if they act reasonably with respect to the risk, id. at 844–45. *See also County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("the Constitution does not

---

[2] While the complaint fails to specify whether Calderon was a convicted felon or a pretrial detainee at the time of the incident, intolerable conditions claims by either category of inmate are subject to the same standard. *Caiozzo v. Koreman,* 581 F.3d 63, 70–71 (2d Cir. 2009); *Brooks v. SecurusTech.net,* No. 13-CV-4646, 2014 WL 737683 (JS)(AKT), at *3 (E.D.N.Y. Feb. 24, 2014).

4

guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Williams v. New York City Dept. of Corrections*, No. 14 Civ. 5082 (BMC), 2014 WL 5681981, at *2 (E.D.N.Y. Nov. 4, 2014) (E.D.N.Y. 2014).

   Here, as presently pled, Calderon's claim for an Eight Amendment violation fails to state a plausible claim upon which relief may be granted. First, he fails to name any individual defendants responsible for the alleged acts or omissions. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (to state a claim for relief under Section 1983, plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation); *Hendrix v. City of New York*, No. 12 CV 5011, 2013 WL 6835168 (ILG)(CLP), at *3 (E.D.N.Y. Dec. 20, 2013). Second, Calderon has failed to allege facts that would satisfy either the objective or subjective prong of the test for deliberate indifference under the Eighth Amendment.

C. *Leave to Amend*

   Accordingly, Calderon's complaint is dismissed. *See* 28 U.S.C.§ 1915A(b). However, in light of my duty to liberally construe *pro se* complaints, Calderon is given 30 days leave to file an amended complaint. Should Calderon elect to file an amended complaint, he must name as proper defendants those individuals who have some personal involvement in the action he alleges in the amended complaint and provide relevant dates. *See Iqbal*, 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). If Calderon wishes to bring claims against a defendant and does not know the name of the individual, he may identify each of them as John or Jane Doe, and to the best of his ability describe each individual. Calderon's amended complaint must contain a brief factual description of the event upon which his claim is based. Finally, the

5

statement of facts should include a brief description of what each defendant did or failed to do, and how those acts or omissions caused Calderon injury.

The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If Calderon fails to amend his complaint within 30 days as directed by this order, the Court shall close the case.

I certify pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.


JOHN GLEESON
United States District Judge

Dated: April 24, 2015
Brooklyn, New York